**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| GREGORY ALLEN SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:12-CV-160-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| Lieutenant JOHN PHELPS, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## **O R D E R**

Plaintiff Gregory Allen Smith filed in this Court a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed *in forma pauperis*. In compliance with the Court's May 15, 2012 Order (ECF No. 5), Plaintiff has provided the Court with a copy of his prisoner trust fund account statement (ECF No. 9). This Court also directed Plaintiff to supplement his complaint, and Plaintiff's additional submissions are discussed below.

Based on Plaintiff's financial information, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as will be instructed later in this Order. The Clerk of Court is directed to send a copy of this Order to the business manager of Augusta State Medical Prison.

## STANDARD FOR PRELIMINARY REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by

attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## DISCUSSION

As this Court noted in its May 15th Order, the only Defendant named in Plaintiff's complaint, the Georgia Department of Corrections ("GDOC"), is not a proper Defendant. The Court therefore instructed Plaintiff to submit a supplement to his complaint to name all defendants whom he believed played a role in the alleged violations of Plaintiff's rights. In response to the Court's Order, Plaintiff has filed an amended complaint (ECF No. 6-1), accompanied by a motion to amend (ECF No. 6). Plaintiff's amended complaint indicates that he no longer wishes to name the GDOC as a Defendant and that he wishes he sue Lieutenant John Phelps and "Cert Team Officers." Plaintiff complains

about an incident of excessive force occurring on January 12, 2012, at Central State Prison, Plaintiff's former place of confinement. He alleges that Phelps, without need or provocation, shoved Plaintiff to the ground and repeatedly hit him in the face with a radio, handcuffs, and keys. Phelps and the unnamed Cert Officers then allegedly kicked Plaintiff in his back and ribs.  Plaintiff states that he suffered a hairline fracture to his face and must now receive treatment from a back specialist.

Plaintiff's motion to amend his complaint is **GRANTED** to the extent provided herein.  In accordance with Plaintiff's amended complaint, the Clerk's Office is directed to remove the GDOC as a party and to add Lieutenant John Phelps as the Defendant herein.  The Court concludes that Plaintiff has stated a colorable excessive force claim against Lieutenant John Phelps. It is therefore **ORDERED** that service be made on Phelps and that he file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of his duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Liberally construed, Plaintiff's amendment also appears to assert a colorable excessive force claim against the "Cert Team Officers."  The Eleventh Circuit Court of Appeals, however, has held that a plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 2009 WL 2488182 (11th Cir. Aug. 17, 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.1992).  In the present case, Plaintiff has not adequately identified the individual "Cert

Team Officers" to allow this Court to serve them with the complaint. Plaintiff is advised that it is his responsibility to ascertain these individuals' names or otherwise identify them, which he must do before the expiration of the statute of limitations. *See Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir.1986) (explaining that the naming of a Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant). If Plaintiff is able to discover the names of or otherwise sufficiently identify these individuals, he may seek to amend his complaint to add them as Defendants, as permitted by Rule 15 of the Federal Rules of Civil Procedure.

## ORDER FOR SERVICE

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition**

**may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

7

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED, this 9th day of July, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE