## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

GREGORY ALLEN SMITH,              :
                                  :
          Plaintiff,              :
                                  :
     VS.                          :     CASE NO. 5:12-CV-160-MTT-MSH
                                  :         42 U.S.C. § 1983
LIEUTENANT JOHN PHELPS,           :
                                  :
          Defendant.              :
_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant Phelps' motion to dismiss (ECF No. 18) claiming that Plaintiff failed to exhaust his administrative remedies at Central State Prison. Plaintiff has failed to respond to Defendant's motion. Because the Court agrees that Plaintiff's Complaint should now be dismissed for failure to exhaust, the Court declines to address Defendant's additional arguments. For the reasons explained below, it is recommended that Defendant's motion be granted.

## BACKGROUND

Plaintiff complains about an alleged use of excessive force that occurred on January 12, 2012. (Compl. 5, ECF No. 1.) According to Plaintiff, Defendant shoved him to the ground and hit him with his radio on the right side of his face, below his eye. (Am. Compl. 1.) Defendant purportedly continued to hit Plaintiff about his right eye with a set of handcuffs and a set of keys, until Plaintiff was no longer able to open his right eye.

(*Id.*)  He claims that he suffered a hairline fracture in his face and that he now has to see a back specialist. (*Id*. at 1-2.)  Plaintiff seeks a declaratory judgment and damages.

Defendant now moves to dismiss the complaint claiming that Plaintiff failed to exhaust his administrative remedies.[1]  Plaintiff failed to respond to Defendant's motion. This motion is therefore ripe for review.

## DISCUSSION

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).  The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

---

[1]     "The exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment." *Tilus v. Kelly*, 510 F. App'x 864, 865 (1th Cir. 2013).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

This case can be resolved at step one of the inquiry explained above. Defendant has presented evidence that Central State Prison has a grievance procedure which follows the Georgia Department of Corrections Standard Operating Procedure ("SOP") on grievances. (*See* Farley Aff. ¶ 8, May 13, 2013, ECF No. 18-2.) Exhaustion of the administrative procedure requires three steps: filing of an informal grievance, filing a formal grievance, and filing an appeal. (*See* Farley Aff. ¶¶ 9-12.) Where, as here, an inmate is transferred after the incident giving rise to the grievance, he must file the grievance at his current prison. The grievance is transferred to the prison where the incident occurred and that prison will resolve the grievance and forward a reply to the inmate's current prison. (Farley Aff. ¶ 9.) This process is described in the SOP available to all inmates. (SOP at VI(F)(5), ECF No. 18-5.)

Plaintiff admits in his Complaint that he never filed any grievance concerning the incident giving rise to this lawsuit because, "[he] was at Central State Prison when [he]

was beat up buy [sic] Lt. John Phelps and shipped to Augusta State Medical Prison. (Compl. 4.)   As mentioned above, the SOP on grievances specifically provides that inmates may file a grievance at their current prison regarding incidents which occurred at a different prison.   (Farley Aff. ¶ 9.)   Plaintiff has made no response to Defendant's motion.   Consequently, Defendant's motion to dismiss should be granted for failure to exhaust administrative remedies.[2]

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss should be granted for Plaintiff's failure to exhaust his administrative remedies.   WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion to dismiss (ECF No. 18) be GRANTED and Plaintiff's Complaint be dismissed without prejudice.   Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 16th day of September, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant claims that Plaintiff's Complaint should also be dismissed for failure to state a plausible claim, for failure to inform the Clerk of his present address, and for failure to apply for non-inmate *in forma pauperis* status subsequent to his release. (*See generally* Def.'s Mem. in Supp. of Mot. to Dismiss.)  Because the Court recommends dismissal for failure to exhaust, the Court does not address these remaining arguments.